Judge Robertson
delivered the opinion of the Court.
This is an ejectment by Jane Taylor, et al, vs. John Bruce, George W. Bruce, and Horatio Bruce.
The lessors of the plaintiff, derive title from a patent, to Thomas Marshall, in 1787, for eight thousand two hundred acres of land, llon the Ohio river.”
The defendants claim, under patent, to John and Horatio Bruce, in 1818, for four hundred acres.
Marshall’s patent calls to begin on the Ohio river, and then for certain courses and distances, without any corners, or marked lines, to the mouth of Kinnekenick, and then certain courses and distances without any corners, or marked lines, to a stake on the Ohio river; *161 and then for courses, distances, and corners, from the river round to the beginning.
If the patent be construed, to bind on the river, and to run with its meanders, from the beginning, to the mouth of Kinnekenick, and thence to the stake on the river, it includes the land occupied by the defendants. But if the courses and distances up the river, shall control, and be established as the boundary, the land claimed by the defendants, is not touched by Marshall’s patent.
The construction of the patent, in this particular, involves the main point for the consideration of the court; and which will be decisive of this controversy. The counsel for the plaintiffs below,(appellees here) insist that Marshall’s patent includes all the land between the Ohio, and the marked boundary from it, to the beginning upon it. The counsel for the appellants, (defendants below) contends, that Marshall’s eight thousand two hundred acres are not bounded by the river, but shall be restricted to the calls of his patent, for course and distance, which would leave some of the bottom vacant, which the appellants appropriated by their patent in 1818.
It is our opinion that the river is the boundary. The beginning is on the river; the mouth of Rinneke-nickis on the river; the stake called foris on the river; the intermediate courses are in the general direction of the river; no corners are called for; the courses and distances are not accurate, but such as would be called for, when,'intending that the river should be the boundary, the surveyor would not be particular in ascertaining by his compass, the exact course, nor with his chain, the precise distance. Some of the courses and distances called foi\ woidd cross into the state of Ohio.
Then, three of the calls are on the river; there are no intermediate marked lines or corners; the genera] discretion is, “to lie on the Ohip.” These facts, alone, would not leave room for any other legal construction of the patent, than that the Ohio river, with its sinuosities, is one of the lines of its boundary. See Jefferson Siminary vs. Wagnon, I. Marsh. 243, Cockrell vs. M'Quinn, IV. Monroe 61.
It is an universal rule, that the actual boundary, whether natural or artificial, shall control re-puguant course and distance.
The survey being of record, is m that respect, nity'to'the2" patent, and it “ay be used piy^gomis-" sions,.or in correcting m H
*162 If the lines had been marked, and the corners designated, then, without any direct and peremptory call to follow the windings of the river, and bind on its margin, the corners and distances would govern* But even if the. lines and courses had been marked,, and the patent had called for the river as a line of its boundary, this call would control the marked line. And it is an universal rule, that the actual boundary, whether natural or artificial, shall control repugnant course and distance.
In this case, there is a manifest mistake in the calls of the patent, for course and distance. If they must he literally pursued for ascertaing the boundary, much of the land, which the patent will be made to include, will be covered by the Ohio river, and some of it will be in the state of Ohio. It was not intended to appropriate the river, nor land on the north of it; it was not practicable to do either. Then, here is a plain mistake in the patent; how is it to be rectified? There must be some deviation from the calls. They cannot therefore, define the true boundary; and consequently, some other line than that which would be described by them, must be established. This line is evidently the river. Disregard the calls for course and distance, and no rational mind can doubt that it was the intention of the government, the paten-tee and the surveyor, to bound the eight thousand two hundred acres on the north of the river. These calls must be disregarded, because they are incongruous and false. The river is then left without any competition with any other line, and it is established as the true line, by many circumstances, which could not be reconciled, by fixing any other boundary.
If the river had not been the boundary, the lines up the river would have been marked; the courses specially designated, and the distances measured. To have done these, was as much the interest of the patentee, as it was the duty of the surveyor. The lines and corners which were not on the rvoer, nor intended to be, are marked. This fact alone, should be almost, if not altogether, conclusive
But in addition to all this, the original survey is exhibited, and shews the river as the northern boundary. *163 This is decisive. The survey is the foundation of the patent. It is of record, and in that respect, equal in dignity to the patent. It does not contradict, but only renders fixed, and certain some of the calls in the patent. r •
If thedefend-p“3tSpScF”red under the’ pi’tff’s patent, yail^imself' 0f hisseven ■ years’ occupation, to bar the pl’tffs. action. It is no adverse possession,
Crittenden, for appellants; Haggin, and Lough-borough, for appellees.
The survey maybe used to aid in supplying omissions, or in correcting mistakes in patents. But in this case it is not required to perform any such patent office. It is used only to shew the actual boundary, when the patent does not, and when none was marked, It is not needed, even to do this much. It is used only asan auxiliary, in concurrence with many other facts, any one of which would alone be almost sufficient to indentify the river, as the proper boundary. See Steel vs. Taylor, III. Marshall, 226.
The appellants were not entitled to protection by the statutes of limitation. For, although they had occupied the land in contest, more than seven years, tbeir possession was acquired under the patent of Marshall, which they now oppose. The law will not permit such occupants to-enjoy the advantage of an adverse possession.
. , , JNo other questions are presented by the record, than these two; the boundary, and the limitation.
Wherefore, as the verdict and judgement below were in favor of Taylor and others, the lessors of the plaintiff, the judgment is affirmed with costs and damages.